IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| FAREVA USA, INC. ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. __3:21-CV-257__ |
| ) | |
| YOOMI BABYTECH, INC. ) | |
|     Defendant. ) | |
| ) | |
| **Serve:** Yoomi Babytech, Inc. ) | |
|     Attn: Mr. Scott Bradley ) | |
|     1 Yonge Street Suite 1801 ) | |
|     Toronto, Ontario, M5E1W7 ) | |
|     Canada ) | |
| _____) | |

**COMPLAINT**

Plaintiff, Fareva USA, Inc. ("Fareva"), by counsel, files this Complaint against defendant, Yoomi Babytech, Inc. ("Yoomi"), seeking damages for breach of contract.

**Introduction**

1. When Yoomi, a supplier of household products, decided to expand its business operations into the hand sanitizer market during the COVID-19 pandemic, it contracted with Fareva, a manufacturer of household and pharmaceutical products, to manufacturer and produce at least three million units of hand sanitizer. To meet its obligations, Fareva had to obtain the raw materials necessary to manufacture the hand sanitizer and reserve its production lines for Yoomi's benefit.

2. Per the parties' contract, Yoomi agreed to send Fareva purchase orders for three million units by July 31, 2020, but it also agreed that in the event it did not ask Fareva to

1

manufacture all of the units, Yoomi would pay Fareva the amount it would have been paid if Fareva had manufactured all of the units.

3. Yoomi never sent Fareva any purchase orders. When Fareva demanded that Yoomi pay the amounts due to Fareva under the contract, Yoomi refused to pay. After months of unsuccessful attempts to convince Yoomi to honor its payment obligations, Fareva was forced to bring this suit.

## The Parties

4. Fareva USA, Inc., is a corporation organized under the laws of Delaware with its principal place of business at 2248 Darbytown Road, Henrico County, Virginia 23231.

5. Yoomi Babytech, Inc., is a Canadian corporation with a principal place of business at 1 Yonge Street, Suite 1801, Toronto, Ontario, Canada, M5E 1W7.

## Jurisdiction and Venue

6. This Court has jurisdiction over this action based upon complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

7. Defendant is subject to personal jurisdiction in Virginia because it regularly transacts business in Virginia and because this cause of action arises out of a contract initiated and transacted in Virginia with Fareva. Furthermore, Virginia's long-arm statute provides for this Court's exercise of personal jurisdiction over Defendant. Va. Code § 8.01-328.1(A)(1) and (2).

8. Venue is appropriate in this district and division because the contract giving rise to this claim was formed, and the damages occurred, in Henrico County, Virginia, 28 U.S.C. § 1391(b)(2). Furthermore, Yoomi, as a defendant not resident in the United States, may be sued in any judicial district, 28 U.S.C. § 1391(c)(3).

## Background Facts

*The Purchase Agreement*

9. Fareva is one of the world's leading manufacturers of cosmetic, pharmaceutical, industrial, and household products.

10. In May 2020, in the midst of the global pandemic, Yoomi sought to enter the hand sanitizer market and sought out suppliers, including Fareva, that could manufacture large quantities of hand sanitizer in a short period of time.

11. On May 25, 2020, Yoomi and Fareva entered into the Alcohol Purchase Agreement Letter of Intent ("Purchase Agreement"), attached as **Exhibit A**.

12. Under this contract, Yoomi "guaranteed" Fareva that it would purchase a minimum of 3,000,000 units of 8-ounce bottles of hydroalcoholic gel (the "Product") by the end of July 2020. Ex. A, at Art. 1.

13. Yoomi further agreed that if it did not purchase "this minimum guaranteed volume" by July 31, 2020, it would "reimburse FAREVA . . . $3,160,265.80" by August 31, 2020, plus a 2% fee each month Yoomi's payment was late. Ex. A, at Art. 1.

14. In return, Fareva agreed to reserve the necessary line capacity from May 25, 2020 through July 31, 2020 to fulfill Yoomi's purchase orders for the minimum guaranteed volume of Product, at a cost of $0.70 per unit for 3,000,000 units, or $2,100,000. Ex. A, at Art. 1(a).

15. Fareva also agreed to order the necessary alcohol needed to produce the minimum guaranteed volume of Product, at a cost of $1,060,265.80, plus storage and fees. Ex. A, at Art. 1(b).

*Fareva's Performance and Yoomi's Non-Performance*

16. Fareva met its obligations under the Purchase Agreement. It reserved the necessary production lines for use in fulfilling Yoomi's purchase orders.

17. Fareva also acquired the necessary amount of alcohol to manufacture the minimum guaranteed volume of Product, at a time when the global demand for that material was very high, making the alcohol difficult to obtain.

18. Yoomi, however, did not submit a single purchase order to Fareva between May 25, 2020 and July 31, 2020, or at any time thereafter.

19. Yoomi did not contact Fareva to notify it of any change in plans.

20. After hearing nothing from Yoomi, Fareva contacted Yoomi by email on August 27, 2020, noting that it had not received the expected purchase order for 3,000,000 units and reminding Yoomi that Yoomi was responsible for the amounts due under the Purchase Agreement. Even at that late date, Fareva communicated that it was willing to fulfill a last-minute purchase order from Yoomi.

21. Yoomi did not respond to Fareva's August 27 email.

22. Fareva sent another reminder to Yoomi on September 2, 2020.

23. Yoomi did not respond to Fareva's September 2 communication.

24. On October 27, 2020, Fareva sent a request for payment to Yoomi by letter. Fareva's letter outlined Yoomi's contractual obligations, noted that it had "received neither an answer, nor purchase order, nor payment from you," and demanded that Yoomi wire $3,160,265.80, plus the two percent late fee for September, to Fareva by November 11, 2020. This letter is attached as **Exhibit B**.

25. On November 3, 2020, Yoomi responded to Fareva by letter, attached as **Exhibit C**. Yoomi claimed that its hand sanitizer business had been "decimated" by a third party,

4

preventing Yoomi from placing any purchase orders with Fareva. Yoomi refused to pay the contracted-for reimbursement to Fareva for its costs.

26. Fareva responded to Yoomi's November 3 letter on December 7, 2020, attached as **Exhibit D**. It noted that the obligation to provide purchase orders or pay the reimbursement costs belonged to Yoomi, regardless of any third party's actions, and again demanded that Yoomi pay the amounts due under the contract. It further explained that it had attempted, albeit unsuccessfully, to resell the alcohol it had purchased for the benefit of Yoomi.

27. Yoomi did not reply to Fareva's December 7 letter.

28. Fareva, by counsel, sent a final demand letter to Yoomi on January 15, 2021, attached as **Exhibit E**. Fareva has received no response and is thus forced to file this suit.

*Fareva's Reliance and Damages*

29. As agreed in the Purchase Agreement, Fareva purchased 504,847.9 kg of alcohol, the amount needed to manufacture Yoomi's minimum guaranteed volume of Product, at a cost of $1,060,265.80.

30. The alcohol purchased in accordance with the Purchase Agreement was specifically intended for use in manufacturing the minimum guaranteed volume of Product according to Yoomi's specifications.

31. Despite Fareva's good faith efforts to resell or use the raw materials bought in reliance on the Purchase Agreement, it has been unable to do so.

32. Additionally, as agreed in the Purchase Agreement, Fareva reserved sufficient production lines from May 25, 2020 through July 31, 2020 to manufacture Yoomi's minimum guaranteed volume. Because it needed to keep its materials and equipment available for Yoomi, Fareva could not take on any additional projects during that time. The agreed-upon cost of

5

reserving those lines for Yoomi's benefit was $2,100,000, even if Yoomi submitted no purchase orders.

33. Therefore, Fareva has been damaged in the amount of $3,160,265.80 as a result of Yoomi's breach of the Purchase Agreement.

34. Over seven months have elapsed since the August 31, 2020 payment deadline. Therefore, to date, Yoomi is liable for $469,886.23 in late fees under the Purchase Agreement.

## Causes of Action

### Count 1:  Breach of Contract

35. Fareva incorporates the allegations in each of the preceding paragraphs.

36. The Purchase Agreement is a valid, binding contract between Yoomi and Fareva.

37. The Purchase Agreement obligated Yoomi to pay Fareva $3,160,265.80 in exchange for Fareva acquiring the materials and reserving the capacity necessary to manufacture and produce the Product for Yoomi.

38. Yoomi has breached the Purchase Agreement by failing to pay the amounts due under the Purchase Agreement.

39. Fareva has incurred damages based on Yoomi's breach of the Purchase Agreement of at least $3,630,152.03.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Fareva hereby demands a trial by jury on any and all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fareva USA, Inc. respectfully prays for judgment in its favor awarding it:

  a.  No less than $3,630,152.03 in damages suffered as a result of Defendant Yoomi Babytech, Inc.'s breach of the Purchase Agreement;

  b.  All pre- and post-judgment interest on all monetary awards; and

  c.  All other just and appropriate relief.

            Respectfully submitted,

            FAREVA USA, INC.

            */s/ Michael E. Lacy*
            Michael E. Lacy (VSB No. 48477)
            TROUTMAN PEPPER HAMILTON SANDERS LLP
            P.O. Box 1122
            Richmond, Virginia 23218-1122
            Telephone:  (804) 697-1326
            Facsimile:  (804) 697-6061
            michael.lacy@troutman.com

            *Counsel for Plaintiff Fareva USA, Inc.*